**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2867-14T4

LUIS BELTRAN, JR.,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

        Submitted October 3, 2017 — Decided October 26, 2017

        Before Judges Carroll and Mawla.

        On appeal from the New Jersey Department of
        Corrections.

        Luis Beltran, Jr., appellant pro se.

        Christopher S. Porrino, Attorney General,
        attorney for respondent (Lisa A. Puglisi,
        Assistant Attorney General, of counsel; Adam
        R. Gibbons, Deputy Attorney General, on the
        brief).

PER CURIAM

    Appellant Luis Beltran is serving a life sentence in New

Jersey State Prison in Trenton. He appeals from a January 23,

2015 final decision by the New Jersey Department of Corrections (NJDOC) denying his request to have his girlfriend's minor children visit him in prison. We affirm.

Beltran asserts the NJDOC let his girlfriend's children accompany her on visits in the past, but suddenly changed its policy and ceased permitting the children to attend. Beltran filed an inmate grievance challenging the denial of the visits. The NJDOC denied the grievance because the children were unrelated to Beltran.

On appeal, Beltran argues the NJDOC's decision was arbitrary and capricious. He also asserts the decision impinges on his constitutional right to visitation. Beltran argues the decision is inconsistent with N.J.A.C. 10A:18-6.3, which governs inmate visitation by relatives, close friends, clergy and "persons who may have a constructive influence on the inmate."

We begin by reciting our standard of review. "In light of the executive function of administrative agencies, judicial capacity to review administrative actions is severely limited." George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994). The "final determination of an administrative agency . . . is entitled to substantial deference." In re Eastwick Coll. LPN-to RN Bridge Program, 225 N.J. 533, 541 (2016).

> An appellate court will not reverse an agency's final decision unless the decision is "arbitrary, capricious, or unreasonable," the determination "violate[s] express or implied legislative policies," the agency's action offends the United States Constitution or the State Constitution, or "the findings on which [the decision] was based were not supported by substantial, credible evidence in the record."
>
> [Ibid. (quoting Univ. Cottage Club of Princeton N.J. Corp. v. N.J. Dep't of Envtl. Prot., 191 N.J. 38, 48 (2007)).]

Beltran argues he has a constitutional right to have visits from his girlfriend's minor children. We have, however, previously stated visitation is a privilege and not a constitutional right. See Jackson v. Dep't of Corr., 335 N.J. Super. 227, 235 (App. Div. 2000), certif. denied, 167 N.J. 630 (2001). Therefore, we reject Beltran's constitutional challenge to the NJDOC's determination.

We next address Beltran's argument that children unrelated to him may visit. N.J.A.C. 10A:18-6.3(a) vests the prison administrator with the authority to approve potential visitors. The regulation provides as follows:

> (a) The correctional facility Administrator or designee may approve the following persons to visit an inmate:
>
> 1. Relatives (see N.J.A.C. 10A:1-2.2). For the purposes of this subchapter, "relative" shall also include grandparents, cousins and aunts and uncles;

2. Close friends;

3. Clergy; and

4. Persons who may have a constructive influence on the inmate.

N.J.A.C. 10A:1-2.2 defines a relative as a parent, legal guardian, partner in a civil union couple, spouse domestic partner, child or sibling.

Beltran points to N.J.A.C. 10A:18-6.8, the regulation entitled "Visits from children," which states: "(a) Children under the age of 18 shall not be permitted to visit unless accompanied by an adult family member of the child defined as a 'relative.' (see N.J.A.C. 10A:18-6.3)." Thus, Beltran argues as long as a child is accompanied by the child's adult family member, the child, related to the inmate or not, may visit the inmate. We disagree.

N.J.A.C. 10A:18-6.8 clearly states that a child visiting an inmate may only do so if accompanying a relative as defined by N.J.A.C. 10A:18-6.3(a)(1). Beltran's girlfriend is not a relative, but instead a close friend. Her children do not qualify as Beltran's relatives. For these reasons, the NJDOC's decision to deny visitation by Beltran's girlfriend's children was neither arbitrary nor capricious.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2867-14T4